UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADRIANA RODRIGUEZ,

        Plaintiff,

v.                                           Case No. 8:20-cv-1610-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

        Defendant.

_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

## I.

### A.    Procedural Background

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 238-44, 249-57). The Social Security Administration ("SSA") denied Plaintiff's claims

---

[1] Dr. Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Kilolo Kijakazi should be substituted for Commissioner Andrew M. Saul as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

both initially and upon reconsideration (Tr. 51-57, 60-68, 71-90, 95-116). Thereafter, Plaintiff requested an administrative hearing (Tr. 159-60). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 36-50). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 21-29). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-3). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**B.    Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1980, claimed disability beginning March 1, 2016 (Tr. 288). Plaintiff obtained a sixth grade education (Tr. 39, 282). Plaintiff's past relevant work experience included work as a housekeeper and citrus fruit packer (Tr. 39, 282). Plaintiff alleged disability due to bilateral hip dysplasia, depression, and back pain (Tr. 281).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through September 30, 2018 and had not engaged in substantial gainful activity since March 1, 2016, the alleged onset date (Tr. 23). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: bilateral congenital hip dysplasia and major depressive order (Tr. 23). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or

combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 24-25). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a), 416.967(a), with the following function by function limitations:

> [Plaintiff] can lift and/or carry 10 pounds occasionally; stand and/or walk 2 hours in a workday; and sit 6 hours in a workday. She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She must avoid even moderate exposure to hazards. She can understand, remember, carry out, and perform simple, routine tasks and instructions. She is limited to jobs requiring only basic English speaking and writing.

(Tr. 25). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 25-28).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform her past relevant work (Tr. 28). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as an electronics bonder and assembler (Tr. 29, 46-49). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 29).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If the claimant cannot perform the tasks required of his or her prior work, step five of the

evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner

are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

## III.

Plaintiff argues that the ALJ erred by failing to properly evaluate Plaintiff's subjective complaints of pain (Doc. 19 at 8).  For the following reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

### A.    Subjective Complaints of Pain

Plaintiff argues the ALJ improperly discounted Plaintiff's subjective complaints of pain by improperly relying on (1) Plaintiff's reported activities of daily living; (2) Plaintiff's conservative treatment; and (3) the opinion evidence of state agency consultant Dr. Krishnamurthy (Doc. 19 at 8-14).  The Commissioner responds that the ALJ properly considered Plaintiff's subjective complaints of pain and other symptoms in assessing the RFC (Doc. 19 at 14).  The Commissioner further contends that substantial evidence supports the ALJ's finding that Plaintiff's statements regarding the intensity, persistence, and functionally limiting effects of her alleged pain were not entirely consistent with the medical evidence and other evidence of record (Doc. 19 at 14).

In determining whether a claimant is disabled, the ALJ considers all symptoms, including pain, and the extent to which those symptoms are reasonably consistent with the objective medical evidence and other evidence.  20 C.F.R. §§

404.1529(a), 416.929(a).  Once a claimant establishes that her pain or other subjective symptoms are disabling, "all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Land v. Comm'r of Soc. Sec.*, 843 F. App'x 153, 155 (11th Cir. 2021) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)).

The Eleventh Circuit has established a three-part "pain standard" for the Commissioner to apply in evaluating a claimant's subjective complaints.  The standard requires: (1) evidence of an underlying medical condition; and either (2) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain.  *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).  "When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." *Davis v. Astrue*, 287 F. App'x 748, 760 (11th Cir. 2008) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)).  If an ALJ rejects a claimant's subjective testimony, he must articulate explicit and adequate reasons for his

decision. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation and citation omitted).[2]

The regulations define "objective evidence" to include medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). "Other evidence" includes evidence from medical sources, medical history, and statements about treatment the claimant has received. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). In the end, subjective complaint evaluations are the province of the ALJ. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014).

Here, the ALJ first relied on boilerplate language in assessing Plaintiff's subjective pain complaints:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision

(Tr. 27-28). This language directly addresses the Eleventh Circuit's pain standard and is not improper *if* supported by substantial evidence. *See Danan v. Colvin*, 8:12-

---

[2] In 2017, the SSA issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The SSA eliminated the use of the term "credibility" from its sub-regulatory policy, as the Regulations do not use this term. SSR 16-3p, 2017 WL 5180304, *2 (Oct. 25, 2017). This change "clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." *Id.*

cv-7-T-27TGW, 2013 WL 1694856, at * 3 (M.D. Fla. Mar. 15, 2013), *report and recommendation adopted* 2013 WL 1694841 (M.D. Fla. Apr. 18, 2013).

Here, the Court finds that the ALJ's assessment of Plaintiff's subjective complaints of pain is supported by substantial evidence.  In evaluating Plaintiff's complaints, the ALJ reviewed Plaintiff's treatment history, discussed Plaintiff's range of activities of daily living, and reviewed clinical and objective findings, including the assessment of the State agency medical consultant (Tr. 25-28, 44, 27, 95-105, 300-01, 314-20, 351, 358-59, 400, 410, 433-38, 451, 466-68).

Related to Plaintiff's daily activities, the ALJ cited Plaintiff's testimony regarding her exertional ability, including her ability to lift and/or carry a gallon of milk and stand for approximately fifteen to twenty minutes (Tr. 44).  The ALJ also underscored Plaintiff's admitted ability to grocery shop;  cook daily for her children; complete house chores, including washing dishes, making the bed, and folding laundry; drive a car, albeit for shorter periods; and generally care for her three minor children (Tr. 27, 300-01).

The ALJ also considered Plaintiff's reported complaints in her medical records and compared those complaints to the examination findings (Tr. 26-27, 300, 314-16, 320, 351, 358-59, 400, 410, 433-34, 437-38, 451, 466-68).  Despite Plaintiff's reported hip pain and diagnosed congenital hip dysplasia, Plaintiff's examination notes generally display no acute distress, no muscle weakness, ambulatory with no assistive device, and at times, normal range of motion (Tr. 358-59, 400, 410, 433-34, 451, 466-67).  Further, more recent treatment notes from 2019 show that

Plaintiff's "hip pain is under treatment with [medication]" and that weight bearing exercise, for twenty to thirty minutes daily, was encouraged by treatment providers (Tr. 437-38, 468). While Plaintiff's medical records did support reported complaints of hip, knee, and back pain, decreased range of motion at times, and abnormal gait with a forward pelvic tilt, the ALJ found that by limiting Plaintiff to sedentary work with additional limitations, the formulated RFC adequately accommodated Plaintiff's impairments (Tr. 25,  300, 314, 316, 320, 351, 358, 400, 410).  Moreover, the ALJ specifically underscored that Plaintiff "appears to be physically healthy" besides her congenital hip dysplasia, and specifically noted that the limitation to unskilled, sedentary work activity "is a significant limitation" (Tr. 27).  The ALJ determined that such a limitation adequately reflected Plaintiff's admitted range of activities and Plaintiff's examination findings.  Substantial evidence, which is  more than a scintilla and "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion," supports the ALJ's determination.  *Winschel,* 631 F.3d at 1178.

Plaintiff also argues that the ALJ erred in suggesting that the evidence showed that Plaintiff "only required 'routine and conservative' treatment" (Doc. 19 at 9-10).   Plaintiff contends that the record shows that Plaintiff needed hip replacement surgery, but was unable to establish treatment with a doctor who could perform those procedures (Doc. 19 at 9-10).  Plaintiff also alleges that she later lost her health insurance coverage (Doc. 19 at 9-10).  In May 2018, Dr. Lamoreaux treated Plaintiff and reviewed imaging results showing significant hip dysplasia (Tr.

409-11).   Due to Plaintiff's hip dysplasia, Dr. Lamoreaux recommended surgical intervention, but suggested that the surgery be completed at another facility better equipped for complex reconstructions (Tr. 411).   Despite Dr. Lamoreaux's recommendation, the record does not suggest that Plaintiff sought surgical intervention or further surgical advice at another facility.

In formulating Plaintiff's RFC, the ALJ discussed Dr. Lamoreaux's recommendation (Tr. 26-27, 409-11).  The ALJ also noted Plaintiff's testimony that she required a bilateral hip replacement, but that she was advised that the surgery would be complicated and could leave her paralyzed (Tr. 26-27, 41).  The record shows that Plaintiff was generally treated with medication, and more recently that Plaintiff reported feeling well, denied pain, was ambulatory with no assistive device, and was referred daily weight bearing exercise as a treatment option (Tr. 421, 437-38, 466-68).   Further, Plaintiff submitted no evidence suggesting that she sought further medical attention related to surgical intervention.   Substantial evidence supports the ALJ's discussion of Plaintiff's conservative treatment and medication management.

Finally, Plaintiff argues that it was error for the ALJ to assign weight to the opinion of state agency consultant Dr. Krishnamurthy, in lieu of crediting Plaintiff's subjective complaints of pain (Doc. 19 at 12-14).  While Dr. Krishnamurthy did not treat Plaintiff, Dr. Krishnamurthy reviewed both Plaintiff's medical evidence record and Plaintiff's own reported complaints, and provided certain opinions regarding Plaintiff's limitations (Tr. 95-105).  Dr. Krishnamurthy's review of Plaintiff's record

included Plaintiff's congenital hip dysplasia and forward pelvic tilt, and Dr. Krishnamurthy opined that Plaintiff's statements regarding her pain were substantiated by the objective medical evidence (Tr. 100-01).   After review of Plaintiff's record, Dr. Krishnamurthy provided certain limitations for Plaintiff, including a sedentary RFC (Tr. 101-05).

As discussed above, in evaluating Plaintiff's subjective complaints, the ALJ reviewed Plaintiff's treatment history, daily activities, and clinical and objective findings, including the assessment of Dr. Krishnamurthy.  The ALJ was "generally persuaded" by Dr. Krishnamurthy's assessment, noting that Dr. Krishnamurthy is a licensed physician familiar with the evidentiary requirements of the Social Security Regulations and provided a detailed and persuasive rationale in support of his opinion, which the ALJ found consistent with the clinical and objective findings in Plaintiff's record (Tr. 27).  Finally, the ALJ noted that "the record contains no conflicting medical opinions nor does the evidence received at the hearing level support greater limits" (Tr. 27).

In considering a claimant's subjective complaints, the ALJ may consider whether any inconsistencies exist in the evidence and the extent to which any conflicts exist between a claimant's statements and the rest of the evidence.  20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4).  Here, the ALJ thoroughly reviewed the available medical evidence, along with the other evidence of record, including Plaintiff's subjective complaints.  After reviewing the available evidence, the ALJ determined that Dr. Krishnamurthy's opinion was consistent with the objective

evidence of record, and that the ALJ's provided limitations more than adequately considered Plaintiff's subjective allegations that could be supported by the medical evidence of record (Tr. 27).  While the ALJ found Dr. Krishnamurthy's opinion to be generally persuasive, the ALJ alone made Plaintiff's RFC determination.  *See* 20 C.F.R. §§ 404.1546(c), 416.946(c); *Beegle v. Comm'r of Soc. Sec. Admin.*, 482 F. App'x 483, 486 (11th Cir. 2012) ("A claimant's residual functional capacity is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive."); *Cooper v. Astrue*, 373 F. App'x 961, 962 (11th Cir. 2010) (the assessment of a claimant's RFC and corresponding limitations are "within the province of the ALJ, not a doctor.").

A reviewing court will not disturb a clearly articulated finding regarding a claimant's subjective complaints supported by substantial evidence in the record. *Foote,* 67 F.3d at 1562 (*per curiam*) (citation omitted).  Here, the ALJ articulated explicit and adequate reasons for discrediting Plaintiff's subjective complaints of pain, relying on Plaintiff's daily activities, medical treatment notes, and treatment history.  *See Dyer*, 395 F.3d at 1210; *see also Wilson*, 284 F.3d at 1225.  In reviewing Plaintiff's medical record and examining the record as a whole, the ALJ then determined that the formulated RFC appropriately reflects the most Plaintiff could do on a sustained basis (Tr. 25-28).  To the extent Plaintiff asks the Court to re-

weigh the evidence or substitute its opinion for that of the ALJ, it cannot.  On this record, the ALJ did not err in considering Plaintiff's subjective complaints.[3]

For these reasons, the Court finds no error in the ALJ's decision and finds that it is supported by substantial evidence.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1.  The decision of the Commissioner is affirmed.

2.  The Clerk is directed to enter final judgment in favor of the Defendant and close the case.

DONE AND ORDERED in Tampa, Florida, on this 2nd day of March, 2022.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge


cc:  Counsel of Record

---

[3] The undersigned reiterates that, when reviewing an ALJ's decision, the Court's job is to determine whether the administrative record contains enough evidence to support the ALJ's factual findings.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, ___ U.S. ___; 139 S.Ct. 1148, 1154 (2019).  "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Id.*  In other words, the Court is not permitted to reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision.  *See Bloodsworth*, 703 F.2d at 1239.